UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RIGEL TRADING CORP.** | * | **CIVIL NO.** |
| **AS OWNER OF M/V PACIFIC CEBU** | * | |
| | * | **SECTION** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| | * | **DIVISION** |
| **MARQUETTE TRANSPORTATION** | * | |
| **COMPANY GULF-INLAND, LLC** | * | **MAG. JUDGE** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Rigel Trading Corp. ("Plaintiff"), as owner of the M/V PACIFIC CEBU ("PACIFIC CEBU"), who files its Complaint against Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), as owner and operator of the Tug SACRED HEART ("SACRED HEART"), and respectfully alleges as follows:

1.

Plaintiff, Rigel Trading Corp., is a foreign corporation registered and incorporated in the Marshall Islands, and is the registered owner of the PACIFIC CEBU.

2.

The PACIFIC CEBU is a bulk carrier vessel, bearing IMO No. 9254460, measuring 623.36 feet in length and with a gross tonnage of 30,011 metric tons. At all pertinent times, the PACIFIC CEBU was tight, staunch, and strong, properly manned, provided with all necessary stores, and in all respects fit for her intended voyage.

3.

Made Defendant herein is the following:

Marquette Transportation Company Gulf-Inland, LLC, a limited liability company registered in Delaware, that is licensed to and doing business in the State of Louisiana and upon the waters of the Lower Mississippi River, with a registered office in Clinton, Louisiana.

4.

This is a case of Admiralty and Maritime jurisdiction, and this Court has jurisdiction pursuant to 28 U.S.C. §1333.

5.

Venue is proper under 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to this claim occurred within this District.

6.

On February 22, 2019, around 3:25 p.m. Local Time, the PACIFIC CEBU was safely and securely moored at a midstream buoy located at Mile Marker 110 on the Lower Mississippi River while in the process of discharging a cargo of granular urea.

7.

While the PACIFIC CEBU was discharging its cargo, the SACRED HEART, owned and operated by Marquette, was operating in the vicinity.

8.

The SACRED HEART was assisting and navigating with the Tug MISS NIZ, also owned and operated by Marquette, as those vessels were pushing cargo barges in the Lower Mississippi River.

9.

The SACRED HEART suddenly and without warning allided with the PACIFIC CEBU, striking its starboard forward side and causing significant damage to the PACIFIC CEBU, including but not limited to its forepeak tank.

10.

The allision occurred as a result of the negligence, fault and actions of the SACRED HEART and Marquette, and the PACIFIC CEBU, which at all times was safely and securely moored, was not negligent or at fault in any way or capacity.

11.

The SACRED HEART and Marquette were negligent in the following respects:

(a) Failing to properly and safety navigate the SACRED HEART;

(b) Violating and failing to observe the applicable law, regulations, and Rules of the Road with respect to proper and safe navigation;

(c) Alliding with a stationary object; and

(d) For further acts that will be established and shown at trial.

12.

As a result of the allision, and the negligence, fault and actions of the SACRED HEART and Marquette, Plaintiff and the PACIFIC CEBU suffered, sustained and incurred significant and extensive damages, losses and expenses, including required repairs and causing the PACIFIC CEBU to be placed out of service for a period of time.

13.

The negligence, fault and actions of the SACRED HEART and Marquette were the proximate cause of the damages, losses and expenses suffered, sustained and incurred by Plaintiff and the PACIFIC CEBU.

14.

As a direct result of the SACRED HEART and Marquette's negligence, fault and actions, Plaintiff and the PACIFIC CEBU suffered significant damages including, but not limited to, the following:

(a) Cost of repair, including labor, materials and incident expenses;

(b) Downtime and/or losses for off-hire;

(c) Other incidental and related expenses including, but not limited to, survey expenses, class inspections, agent assistance and expenses, and overhead costs;

(d) Loss of business opportunities and business reputation;

(e) Potential lost revenues in the future as a result of downtime;

(f) Attorney's fees and costs; and

(g) All other damages established at trial.

15.

The above damages, incurred as a result of the negligence, fault and actions of the SACRED HEART and Marquette, currently total $280,641.89, exclusive of costs and interest.

**WHEREFORE**, Plaintiff, Rigel Trading Corp., as owner of the M/V PACIFIC CEBU, prays that Defendant, Marquette Transportation Company Gulf-Inland, LLC, as owner and operator of the Tug SACRED HEART, be duly served with a copy of this Complaint and cited to appear and answer, all and singularly, the allegations of the Complaint and after due proceedings are had, there be judgment herein in favor of Plaintiff, Rigel Trading Corp, and against Defendant, Marquette Transportation Company Gulf-Inland, LLC, in the full amount of all damages claimed which are reasonable in the premise, together with pre-judgment interest and costs, and any other relief which the Court deems appropriate.

This 21st day of May, 2019.

        Respectfully submitted,

        JONES WALKER LLP

        */s/ Hansford P. Wogan*
        ROBERT T. LEMON, II (# 08312)
        HANSFORD P. WOGAN (#34825)
        JONES WALKER LLP
        201 St. Charles Avenue, 51st Floor
        New Orleans, Louisiana 70170-5100
        Telephone: (504) 582-8000
        Facsimile:  (504) 589-8164
        blemon@joneswalker.com
        fwogan@joneswalker.com

        *Attorneys for Plaintiff, Rigel Trading Corp., as owner of the M/V PACIFIC CEBU*